**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Castillo Escobar, | No. CV-15-00626-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Lyle Boradhead, et al., | |
| Respondent. | |

On April 6, 2015, Petitioner Victor Castillo Escobar filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising five grounds for relief. Doc. 1 (raising four grounds for relief); Doc. 4 (raising a fifth ground for relief). The Court referred the petition to Magistrate Judge Eileen S. Willett. Doc. 6. Respondent filed a response to the petition (Doc. 15) and a supplemental response (Doc. 21) requested by Judge Willett (Doc. 18). Judge Willett issued a report and a recommendation that the Court deny the habeas petition ("R&R"). Doc. 31. Petitioner filed pro se objections to the R&R. Doc. 35. For the reasons set forth below, the Court will deny Petitioner's objections and adopt Judge Willett's recommendation.

## I. Background.

Judge Willett provided the following summary of Petitioner's sentencing and parole proceedings.

### A. Convictions and Sentences

On March 18, 2010, a jury convicted Petitioner on the following five counts: (i) participation in a criminal syndicate (Count 1); (ii) smuggling

(Count 2); (iii) two counts of kidnapping (Counts 9 and 10), and (iv) forgery (Count 11). (Doc. 26-10 at 43-45, 67- 69). The convictions arose out of the discovery of an operation that involved smuggling undocumented Mexican immigrants into the United States and detaining the immigrants at "drop" houses until certain sums of money were paid.

The jury found aggravating factors for some of the counts, and the trial court sentenced Petitioner to:

    (i)       Ten years on Count 1 (participation in a criminal syndicate);

    (ii)     2.5 years on Count 2 (smuggling);

    (iii)   Sixteen years on Count 9 (kidnapping);

    (iv)   Sixteen years on Count 10 (kidnapping); and

    (V)    2.5 years on Count 11 (forgery).

The trial court ordered that the sentences on Counts 1 and 2 run concurrently with one another. (Doc. 26-11 at 51-52; Doc. 1-2 at 5). The sixteen-year sentences on Counts 9 and 10 are to be served consecutively to each other and run consecutively to the sentences on Counts 1 and 2. (*Id.*). The sentence on Count 11 runs concurrently with the sentences on Counts 1, 2, 9, and 10. (*Id.*). This sentencing structure provides for an aggregate term of forty-two years of incarceration. (Doc. 26-11 at 53).

## B. Direct Appeal

Petitioner timely appealed to the Arizona Court of Appeals. (Doc. 1-2 at 1-6). Petitioner argued that the consecutive sentences on the kidnapping convictions are improper under ARIZ. REV. STAT. § 13-116, which prohibits consecutive sentences for convictions arising from the same act or omission. The Court of Appeals explained that ARIZ. REV. STAT. § 13-116 does not preclude consecutive sentences involving multiple victims. (*Id.* at 4). The court held that "[e]ven assuming [Petitioner's] crimes arose from a 'single act,' because there were two victims and he was convicted of two counts of kidnapping, there was no error by the trial court in imposing consecutive sentences for the kidnapping convictions." (*Id.*).

The Court of Appeals also rejected Petitioner's argument that the "kidnappings were such an integral part of the criminal syndicate that the charges must be viewed as a single act." (*Id.*). The court first explained that because the victims of the crime of participation in a criminal syndicate are not the same as the kidnapping charges, the sentences for participating in a criminal syndicate conviction may be consecutive to the kidnapping convictions. (*Id.* at 4-5). The court also explained that the elements of participating in a criminal syndicate and kidnapping are "sufficiently distinct that consecutive sentences may be imposed." (*Id.* at 5). The Arizona Supreme Court denied Petitioner's request for review of the Arizona Court of Appeals' decision. (*Id.* at 8-16).

## C. Post-Conviction Proceeding

On November 25, 2011, Petitioner filed a Notice of Post-Conviction Relief ("PCR") and PCR Petition. (Doc. 15-1 at 35-38; Doc. 15-2 at 2-23). On

December 9, 2011, the trial court appointed Petitioner counsel. (Doc. 22 at 3-4). In May 2012, Petitioner's counsel notified the trial court that he was unable to find any colorable claims for PCR relief. (Doc. 15-1 at 40-41).

In an October 2012 minute entry, the trial court indicated that Petitioner filed a PCR Petition on October 9, 2012 and ordered the State to respond. (Doc. 22-6 at 2). The State filed its Response on November 19, 2012, to which Petitioner replied. (Doc. 15-2 at 25-42). On December 19, 2012, the trial court dismissed the PCR proceeding. (Doc. 15-3 at 2).

In February 2013, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (*Id.* at 4-20). The State responded, and Petitioner replied. (Doc. 15-4 at 2-15). On August 21, 2014, the Court of Appeals granted review, but denied relief. (*Id.* at 17-19). Petitioner did not seek further review by the Arizona Supreme Court.

On April 6, 2015, Petitioner initiated this federal habeas proceeding. (Doc. 1).

Doc. 31 at 3-5.

## II.    The Petition and the R&R.

Petitioner seeks habeas relief on five grounds: (1) police violated Petitioner's Fourth Amendment rights when they placed a GPS tracking device on his vehicle without a warrant; (2) the trial court violated Petitioner's Due Process Rights under the Fourteenth Amendment by allowing one victim to be present in the courtroom at trial while the other victim testified; (3) ineffective assistance of trial counsel because trial counsel failed to file a motion to suppress evidence based on police using a GPS tracking device without a warrant; (4) *United States v. Jones*, 132 S. Ct 945 (2012), should apply retroactively, and (5) ineffective assistance of appellate counsel for not raising issues that were not previously argued. Docs. 1, 4.

Judge Willett found grounds one, two, and five procedurally defaulted without excuse. Doc. 31 at 8-14. Judge Willett then found that grounds three and four failed on the merits. *Id.* at 14-19.

The Court reviews Petitioner's objections de novo. The portions of the R&R to which he does not object will be adopted without further discussion. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III.    Analysis.

### A.    Procedural Default.

Judge Willet found that ground one and two "were precluded under Arizona Rule of Criminal Procedure 32.2(a) because they could have been raised on direct appeal," and "[t]his finding is an 'adequate and independent' state ground for denying review." Doc. 31 at 8 (citing Ariz. R. Crim. P. 32.2(a)(1), (a)(3) (stating a defendant is precluded from post-conviction relief on any ground "raisable on direct appeal" and any ground that was "waived . . . on appeal"); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam) (preclusion of issues for failure to present them at an earlier proceeding under Ariz. R. Crim. P. 32.2(a)(3) "are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Ortiz v. Stewart,* 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate)).    Judge Willett also found that Petitioner's ground five was procedurally defaulted because "[t]o the extent Petitioner intended to raise such a claim, the claim was not raised in the PCR proceeding," and "Petitioner would be precluded by adequate and independent state procedural rules" from raising ground five in a successive PCR proceeding.  *Id.* at 10 (citing Ariz. R. Crim. P. 32.4(a); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997)). The Court agrees with these findings.

Petitioner argues that the United States Supreme Court decision in *Martinez v. Ryan*, 566 U.S. 1, 1 (2012), "has opened the door on the issue of issues raised that are procedurally barred in the lower (state) courts and [the Ninth Circuit case, *Detrich v. Ryan*, 740 F.3d 1237, 1245-46 (9th Cir. 2013),] went further to allow issues that were not raised or procedurally barred."  Doc. 35 at 3.  The Court disagrees.

*Martinez* holds that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."    132 S. Ct. at 1315.    The Ninth Circuit has held that *Martinez* applies equally to procedurally defaulted claims of ineffective assistance of appellate counsel.  *Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013).    Under

- 4 -

*Martinez*, "cause" to excuse a petitioner's procedural default may be found where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318-19, 1320-21) (alterations in original). As stated by Judge Willett, "*Martinez* does not apply to procedurally defaulted Grounds One and Two because they do not contain claims alleging the ineffective assistance of trial or appellate counsel. Further, *Martinez* cannot establish cause for the procedural default as Petitioner cannot show a 'substantial claim' of ineffective assistance of appellate counsel." Doc. 31 at 11 (citing *Sexton v. Cozner*, 679 F.3d 1150, 1157-58 (9th Cir. 2012)).

*Deitrch* does not dictate a different result. *See* 740 F.3d at 1245-46. *Dietrich* held only that "for the narrow purpose of satisfying the second Martinez requirement to establish 'cause' . . . [a] prisoner need not show actual prejudice resulting from his PCR counsel's deficient performance, over and above his required showing that the trial-counsel IAC claim be 'substantial' under the first Martinez requirement." *Id.* This does not, as Petitioner suggests, mean that any issue not raised or that was procedurally barred by the state court is permitted at this stage. *See* Doc. 35 at 3.

For his fifth claim – that appellate counsel was ineffective for failing to argue on appeal that Petitioner's Fourth Amendment rights were violated by the warrantless GPS tracker – Petitioner must show that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," and "but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *See Smith v. Robbins*, 528 U.S. 259, 285 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984)).

In the R&R, Judge Willett found that Petitioner's appellate counsel did not act unreasonably:

Precedent at the time of Petitioner's direct appeal provided that the warrantless placement of a tracking device on a vehicle does not violate the Fourth Amendment. *See, e.g.*, *United States v. Knotts*, 460 U.S. 276, 281-82 (1983) (holding the warrantless use of an electronic device to track the movements of a suspect's vehicle did not violate the Fourth Amendment); *United States v. Miroyan*, 577 F.2d 489, 492 (9th Cir. 1978) (stating that use of a tracking device does not constitute a search); *United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999) (holding that the undercarriage of a vehicle, as part of its exterior, is not entitled to a reasonable expectation of privacy); *United States v. Pineda-Moreno*, 591 F.3d 1212, 1215 (9th Cir. 2010) ("Pineda-Moreno cannot show that the agents invaded an area in which he possessed a reasonable expectation of privacy when they walked up his driveway and attached the tracking device to his vehicle. Because the agents did not invade such an area, they conducted no search, and Pineda-Moreno can assert no Fourth Amendment violation."), *vacated by Pineda-Moreno v. United States*, 132 S.Ct. 1533 (2012). Petitioner identifies no authority existing before *Jones* that holds otherwise.

Based on the record and the fact that Petitioner's direct appeal pre-dated *Jones*, the undersigned finds that the use of the GPS tracking device on Petitioner's vehicle would have presented a weak Fourth Amendment issue to raise on appeal. *See Strickland*, 466 U.S. at 689 (a reviewing court "must make every effort to eliminate the distorting effects of hindsight"). "A lawyer who throws in every arguable point—'just in case'—is likely to serve her client less effectively than one who concentrates solely on the strong arguments." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). "Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason—because she declined to raise a weak issue." *Id.*; *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (quoting Barnes, 463 U.S. at 751-52); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel").

Doc. 35 at 11-12.

Petitioner objects that "[t]here was no effective appellate legal advocacy, nor was [the unraised issue] a meritless legal argument. *Jones* had to walk the appeal through the same precedents that Petitioner was doing, facing the same prior rulings that Petitioner was facing." Doc. 35 at 5. Petitioner further contends that the success of *Jones* at the Supreme Court shows that Petitioner's appellate counsel was ineffective for not raising the same arguments. *Id.* This argument is unpersuasive.

The Court cannot conclude that an attorney is ineffective for failing to raise a legal argument that appears meritless based on existing precedent. Petitioner has failed to

show that the performance of his appellate and PCR counsel was constitutionally deficient. The Court will accept Judge Willett's recommendation on grounds one, two, and five. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations).

### B. Grounds Three and Four.

#### 1. Ground Three – Ineffective Assistance of Trial Counsel.

Petitioner alleges that his trial counsel was ineffective for failing to move to suppress evidence collected by the warrantless GPS tracking device. Doc. 1 at 8. In order to establish ineffective assistance of counsel for failure to litigate a Fourth Amendment issue, a petitioner must show that (a) the overlooked motion to suppress would have been meritorious and (b) there is a reasonable probability the jury would have reached a different verdict absent the unlawful evidence. *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003).

Judge Willett found that, "[i]n light of the precedent existing at the time of Petitioner's 2010 trial, Petitioner has not shown that a *Jones*-type motion to suppress the evidence gathered from the tracking device likely would have been granted." Doc. 31 at 16-17. The Court agrees.

An attorney's failure to make an objection that is meritless or unlikely to succeed does not constitute deficient performance. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("Here, the merits of the coercion claim control the resolution of the *Strickland* claim because trial counsel cannot have been ineffective for failing to raise a meritless objection."); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."). The Court will deny Petitioner's ground three request.

#### 2. Ground Four.

Ground four states: "Does *United States v. Jones* 132 S. Ct. 945 apply to this case?" Judge Willett interpreted this ground as asserting that *Jones* should be applied

retroactively to Petitioner's case. *See* Doc. 31 at 17-19. Judge Willett concluded that it does not, because "*Jones* did not involve the criminalization of private conduct, and electronic monitoring is not 'central to an accurate determination of innocence or guilt.'" *Id.* at 18-19 (citing *Teague v. Lane*, 489 U.S. 288, 313 (1989)); *see also Jones v. Rider*, No. CV-14-01775-PHX-GMS, 2015 WL 4481426, at *3 (D. Ariz. July 22, 2015) (collecting cases holding that *Jones* does not apply retroactively). To the extent Petitioner is arguing for the retroactive application of *Jones*, the Court agrees with Judge Willett.

> Petitioner's objection states:
>
> The Magistrate Judge avoided the question raised in ground four.
>
> Petitioner realizes that when the Court of Appeals makes a decision on direct appeal issues, and unless a petitioner appeals that decision [to] the Arizona Supreme Court, that exhaust the issues being raised on direct appeal.
>
> The question is "due to the ineffective assistance of counsel appointed to direct collateral review for failure to raise issues that should have been raised on direct collateral review, but where [sic] not raised, and a petitioner have to raise ineffective assistance of direct appeal counsel on Ariz. R. Crim. P. Rule 32 proceedings, does having to raise it in Rule 32 proceedings, would it still hold under the umbrella of the failures of a direct appeal lawyer's failures to raise issues that should have been raised on direct appeal. [illegible] on rules under Ariz. R. Crim. P. Rule 31 do not allow this to happen.

Doc. 35 at 9.

The Court finds this explanation difficult to understand. The Court reads the objection to ask either: (1) whether a petitioner may assert a claim for ineffective assistance of counsel after appointed appellate counsel failed to raise the issue on direct appeal, or (2) whether a petitioner may assert a claim for ineffective assistance of PCR counsel who fails to raise the issue of ineffective assistance of direct appeal counsel at petitioner's Rule 32 collateral review.

To the extent Petitioner's asks question 1, the Court, in analyzing ground three, has already determined that a claim for ineffective assistance of petitioner's trial counsel lacks merit. To the extent Petitioner is inquiring about question 2, the analysis would be

the same. Specifically, at the time of PCR counsel's review, the legal precedent available gave no indication that a motion to suppress evidence based on the warrantless GPS tracker would be likely to succeed. Thus, even if Petitioner was permitted to allege ineffective assistance of PCR counsel, such a ground for relief would not stand. Petitioner's ground four will be denied.

**IT IS ORDERED:**

1.    Magistrate Judge Eileen S. Willett's R&R (Doc. 31) is **accepted.**

2.    The Petition for writ of habeas corpus (Doc. 1) is **denied**.

3.    A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied.**

4.    The Clerk of the Court is directed to **terminate** this action.

Dated this 8th day of May, 2017.

_David G. Campbell_
_____
David G. Campbell
United States District Judge